UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:05CV-186

MITCHELL L. JACKSON                                                    PLAINTIFF

V.

RON HERRINGTON;
FREDDIE ROWLAND;
ANTHONY WILLETT;
PATTY McCUISTON; and
NATHAN FRANCIS                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants to dismiss Count I of the Plaintiff's Amended Complaint. (DN 20).[1] Fully briefed, this matter is ripe for decision. For the following reason, the Defendants' partial motion to dismiss is **GRANTED.**

## I. FACTS

Plaintiff Jackson was temporarily incarcerated in the Henderson County (KY) Detention Center ("HCDC"). Shortly after his transfer to HCDC, Jackson filed suit alleging that HCDC employees had violated his constitutional rights. (DN 1, Complaint).  He sued five HCDC employees, each in their official capacities.  When screening the suit, the Court initially determined that the suit failed to state a claim upon which relief may be granted. (DN 6, Memorandum Opinion and Order). Jackson, however, filed a motion to reconsider and asked the Court to amend its judgment of dismissal and to construe Jackson's claims in a light more favorable to Jackson. (DN 8).  Specifically, Jackson urged the Court to construe his Complaint to assert a negligent personal

---

[1]The Defendants originally moved for dismissal of Counts I and II of the Amended Complaint, but decided to withdraw their motion to dismiss as to Count II. (DN 31, Defendants' Reply).

injury claim since he had alleged that HCDC employees had injured him and then failed to provide him with the medical care he needed.  The Court held, however, that a negligence claim could not proceed since Jackson had only sued the Defendants in their official capacities pursuant  to 42 U.S.C. § 1983, which "does not authorize negligence suits against governmental entities based on a theory of respondeat superior." (DN 10, Memorandum Opinion and Order; citing Gregory v. City of Louisville, 444 F.3d 725, 752 (6th Cir. 2006)).  Jackson then filed an Amended Complaint. (DN 11).  Count I of the Amended Complaint alleges that the Defendants, in their individual capacities, breached their duty "to avoid negligent injury" to Jackson by depriving him "of his normal opportunities for protection and for medical treatment," thereby causing him "dental, oral, and maxillofacial injuries." (DN 11, ¶¶ VII-XI).

## II. LEGAL STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied 520 U.S. 1251 (1997).  A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F. 3d 1061, 1064 (6th Cir. 1994).

This standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996).  The complaint must give

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Gazette</u>, 41 F.3d at 1064.  "In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." <u>Lillard</u>, 76 F.3d at 726. (citation omitted).  In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.  <u>Hirsch v. Arthur Anderson Co.</u>, 72 F.3d 1085, 1092 (2d Cir. 1995).

### III. DISCUSSION

The Defendants argue that  Count I of the Plaintiff's Amended Complaint should be dismissed because K.R.S. 413.140(1)(a), Kentucky's one year statute of limitations for personal injury actions, bars him from bringing a negligent personal injury claim since he did not assert such a claim in his original Complaint. (DN 31, Defendants' Reply).[2]  The Defendants further assert that the Plaintiff is barred from bringing suit against the Defendants in their individual capacities since they were originally only sued in the official capacities. (Id.)  The Plaintiff argues, however, that the claim is not barred by Kentucky's statute of limitations since the claim "relates back" to the facts alleged in the original Complaint.

As to the Defendants' first argument regarding dismissal of the new claim, the applicable procedural rule, Fed. R. Civ. P. 15(c)(2), provides that an "an amendment of a pleading relates back to the date of the original pleading when...the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...."   Accordingly, an amended pleading relates back to the original pleading when

---

[2] Plaintiff's original Complaint was timely filed.  He filed his original Complaint in December 2005 and the injuries he alleges therein occurred in November 2005.

the amended pleading alleges a new legal theory for the same injury. <u>Miller v. American Heavy Lift Shipping</u>, 231 F.3d 242, 248-249(6th Cir. 2000).  Further, where the claims in an amended pleading relate back to the original pleading, the statute of limitations does not bar the assertion of the new claims. <u>Id</u>. at 250.

Here, the personal injury claim set forth in Count I of the amending pleading relates back to the original pleading since it is based on the same occurrence alleged in the Plaintiff's original complaint - specifically, that he was injured by Deputy Nathan Francis when a door the Deputy opened hit the Plaintiff  in the mouth. (DN 1, Supplement p. 2).

The Defendants also argue, however, that even if the new claim relates back to the original pleading, the Defendants may not now be sued in their individual capacities when the original Complaint only referenced them in their official capacities. Again, the relevant statute is Fed. R. Civ. P. 15, which provides that an amended pleading which adds or changes parties relates back to the original pleading where 1) the relevant claim arose out of the same occurrences alleged in the original pleading;  and 2) within 120 days of the original complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15( c)(3).  Thus, because here the Court has already decided that the relevant claim arose out of the same occurrences alleged in the original pleading, the question becomes whether the Defendants had notice, within 120 days of the filing of the original Complaint, that they could be held liable in their individual capacities.

The Sixth Circuit considered this issue in <u>Lovelace v. O'hara</u>. 985 F.2d 847 (6th Cir. 1993).

In <u>Lovelace</u>, the plaintiff originally sued an individual police officer in his official capacity. <u>Id</u>. However, after the statute of limitations expired, the plaintiff attempted to amend her complaint to name the same officer in his individual capacity.  The court held that because the original Complaint stated that the defendant acted "not as an individual," but "clearly within the express and implied powers of his official capacity," the defendant had no reason to believe that would he would be held personally liable. The court noted that "distinction between an official capacity and an individual capacity is significant" because "'an amendment in a defendant's capacity in lawsuit under 42 U.S.C. § 1983 alters the elements of recovery and defense...[and] requires major changes in pleading, discovery, trial preparation and selection and location of witnesses at trial." <u>Id</u>. at 850 (quoting <u>Hill v. Shelander</u>, 924 F.2d 1370, 1384 (7th Cir. 1991)(Coffey, J., dissenting).  Thus, the court concluded that the defendant did not have such notice within 120 days of the filing of the complaint "as to preclude prejudice in the preparation of his defense." <u>Id</u>. Accordingly, the court held that amended complaint failed to meet the criteria for relation back, as set forth in Fed. R. Civ. P. 15( c)(3), since the defendant had no reason to believe he would be held personally liable and because his defense would be prejudiced if relation back was permitted. <u>Id</u>. at 849-851.  Lovelace's rule was followed in <u>Ling v. Herrod</u>, where the court held that a defendant had no reason to know that he might face individual liability where the original and first amended complaints clearly stated that the defendant was being sued in his official capacity only. 445 F.Supp. 2d 892, 895 (W.D. Tenn. 2006).

However, in <u>Brown v. Shaner</u>, the Sixth Circuit held that where an original complaint did not speak in the unequivocal terms of the original complaint in <u>Lovelace</u>, but rather failed to state the capacity in which the individual defendants were being sued, and where all of the defendants'

5

wrongdoing related to their personal conduct, the defendants "knew or should have known" that they could be held personally liable and, thus, they were "not prejudiced in maintaining a defense on the merits." 172 F.3d. 927, 933-934 (6th Cir. 1999) (quoting Fed. R. Civ. P. 15( c)(3)).  Accordingly, the Brown court held that the plaintiffs' second amended complaint related back to the date of the filing of the original complaint. Id. Further, in Moore v. City of Harriman, the court held that the district court should have allowed the plaintiff to amend his complaint under Fed. R. Civ. P. 15©)(3) where the original complaint sought relief not only for violations of §1983, but also for the state torts of malicious prosecution and abuse of process. 272 F.3d 769, 774-775 (6th Cir. 2001).  The court held that the officers had "clear notice from the beginning that they faced individual liability of some sort" and that, therefore, they were not prejudiced in their defenses under Rule 15©)(3).

The facts in this case are more aligned with the facts in Lovelace and Ling.  Like the original complaints in those cases, the original complaint here explicitly stated that the officials were being sued only in their official capacities.  Additionally, there was no other language in the complaint which should have put the Defendants on notice that they were facing individual liability for negligence related to the Plaintiff being accidentally hit by a door.  Unlike the original complaint in Moore, the original complaint here did not reference any state law tort claim, but only a claim for inadequate medical treatment.  The Defendants could not have known they were being sued individually on a negligence claim until the Amended Complaint was filed,  after the applicable statute of limitations had expired, and well after the 120-period set forth in Rule 15(c)(3).  The Defendants would be prejudiced if the Plaintiff were allowed to amend his complaint in this manner.  For these reasons, the Court holds that the Amended Complaint does not relate back as to Count I.  Accordingly, the Defendants' motion to dismiss Count I of the Amended Complaint is granted.

**IV. CONCLUSION**

For the foregoing reasons, the Defendants' partial motion to dismiss is **GRANTED**.

cc: Counsel of Record