UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:05CV-186

**MITCHELL L. JACKSON**                                             **PLAINTIFF**

**V.**

**RON HERRINGTON, et. al.**                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Plaintiff for reconsideration of the Court's order dismissing Count I of the Amended Complaint. (DN 35) This matter is ripe for decision. For the following reasons, the Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

On July 5, 2007, the Court granted the Defendants' motion to dismiss Count I of the Amended Complaint. (DN 34). The Court held that the the negligent personal injury claim set forth in Count I did not relate back to the original complaint, since the Defendants, who had only been sued in their official capacities, could not have known that they had been sued in their individual capacities in a negligence claim, within the 120-day period set forth in Fed. R. Civ. P. 15(c)(3). The Plaintiff now urges the Court to reconsider this partial dismissal.

**II. LEGAL STANDARD**

When a Rule 59 motion is made to alter or amend a judgment, it "may be granted if there is clear error of law" or in order "to prevent manifest injustice." <u>GenCorp, Inc. v. American International Underwriters</u>, 178 F.3d. 804, 834 (6th Cir. 1999).

### III. DISCUSSION

In his motion, the Plaintiff makes several arguments for reconsideration. The Court will consider each of these in turn. The Plaintiff first argues that the Court erred because it did not consider the "course of proceedings" standard set forth in Moore v. City of Harriman to determine whether the Defendants were on notice that they could be held liable in their individual capacities. 272 F.3d 769 (6th Cir. 2001). In its earlier memorandum opinion dismissing Count I of the Amended Complaint, the Court distinguished the facts before it from Moore, and instead followed Lovelace v. O'Hara, 985 F.2d 847 (6th Cir. 1993). In Lovelace, the Sixth Circuit held that where a plaintiff originally sued an individual police officer in his official capacity, the plaintiff could not amend her complaint to name the same officer in his individual capacity, after the statute of limitations period had expired, because the Plaintiff did not have notice within 120 days of the filing of the complaint "as to preclude prejudice in the preparation of his defense." Id. at 850. Accordingly, the court held that the amended complaint failed to meet the criteria for relation back set forth in Fed. R. Civ. P. 15(c)(3).

In Moore, the Sixth Circuit considered whether a complaint that failed to specify whether the defendants were being sued in their individual or official capacities could be amended to specify that the defendants were being sued individually. The court concluded that when "when a §1983 plaintiff *fails to affirmatively plead capacity* in the complaint, we then look to the course of proceedings to determine whether....notice has been satisfied." 272 F.3d at 773 (emphasis added). See also Cummings v. City of Akron, 418 F.3d. 676, 681 ("We apply a "course of proceedings" test to determine whether defendants in a § 1983 action have received notice of the plaintiff's claims where the complaint is ambiguous.")(citing Moore). Thus, here, where the original complaint clearly

specified that the Defendants were being sued only in their official capacities, the Court followed the rule set forth in Lovelace and not Moore. See, e.g., Ling v. Herrod, 445 F.Supp.2d 892, 895 (W.D. Tenn. 2006)( following Lovelace, and not Moore, where the original complaint clearly specified that Defendant was being sued in his official capacity only).    The Plaintiff next argues that the Court should have found that the amended complaint related back since the Defendants would " not be prejudiced in maintaining a defense on the merits" under Fed. R. Civ. P. 15 (c)(3). However, under the rule, an amended complaint that changes the naming of a party does not relate back unless the party to be brought in by the amendment 1) would not be prejudiced in maintaining a defense on the merits; *and* 2) knew or should have known within 120 days of the filing of the original complaint that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15( c)(3). The Lovelace court held that the defendants would be prejudiced in maintaining a defense on the merits where they did not know that they were being sued in the individual capacities until 120 days after the original complaint had been filed. The Court noted that "an amendment in a defendant's capacity...alters the elements of recovery and defense...[and] requires major changes in pleading, discovery, trial preparation and selection and location of witnesses at trial."  985 F.2d.at  850 (6th Cir. 1993)(quoting Hill v. Shelander, 924 F.2d 1370, 1384 (7th Cir. 1991)(Coffey, J., dissenting).

     The Plaintiff also asserts that the Court should read Fed. R. Civ. P. 4(m), which is incorporated into Rule 15(c)(3), and is the source of the 120-day limit in the latter rule,  more liberally.  Under Rule 4(m), the Court may extend the time for service to be effected for "good cause." Importantly, however, the Plaintiff has pointed to no authority in which the 120-day limit has been extended under Rule 15 (c)(3) for "good cause."

3

The Plaintiff next argues that the Court failed to "liberally" and "favorably" construe the Plaintiff's original pro se complaint by discounting or ignoring "express factual assertions in the original pro se complaint." The Plaintiff, however, has failed to point to any specific factual assertions that the Court has ignored. Additionally, even though a pro se complaint is at issue here, the Sixth Circuit has recognized that "[m]inimum pleading requirements are needed, even for pro se plaintiffs . . ." and that "[i]t is certainly reasonable to ask that all plaintiffs, even pro se plaintiffs, some of whom file several appeals each year with us, alert party defendants that they may be individually responsible in damages." Wells v. Brown, 891 F.2d 591, 594 (1989).

Finally, the Plaintiff argues that the Court should not allow a pleading technicality to determine the outcome of the case. However, the Court declines to consider the Plaintiff's failure to correctly identify the capacity in which defendants are being sued as a mere "technicality" due to the potential for prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion to reconsider is **DENIED**.

cc: Counsel of Record