UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:05-CV-186

**MITCHELL L. JACKSON**                                                                                     **PLAINTIFF**

**V.**

**RON HERRINGTON, et al.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Defendants for partial summary judgment on Count II of the Plaintiff's Amended Complaint [DN 45] and upon a cross-motion by the Plaintiff on the same count. [DN 47]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' motion is **GRANTED** and the Plaintiff's motion is **DENIED**.

### I. FACTS

On November 24, 2005, the Plaintiff was accidentally struck in the mouth when a deputy opened a cell door at the Henderson County (Kentucky) Detention Center. The Plaintiff was seen by a nurse who concluded that the door had caused the "displacement of his right upper front tooth."[1] The nurse attempted to move the tooth back into its original position; placed the Plaintiff on a soft diet; and prescribed ibuprofen. The Plaintiff was seen by a dentist five days later - on November 29, 2005. The dentist noted that the Plaintiff's tooth was "avulsed" and that the efforts to replace the tooth had failed. He explained to the Plaintiff that the tooth could not be saved and that he would need a "partial plate" to replace the tooth. On December 2, 2005, the Plaintiff returned to the infirmary complaining of tooth pain and he was again prescribed ibuprofen and oral gel for pain relief. Over the next two months, the Plaintiff continued to complain of tooth pain and was given ibuprofen and/or oral gel upon request. At some point, the

---

[1] The parties actually dispute how the Plaintiff's injury was first caused. The Plaintiff contends that he was first injured when he was knocked in the mouth by a cell door, while the Defendant suggests that the Plaintiff's tooth was initially injured in a fight that occurred at another detention facility. The Court, however, accepts the Plaintiff's position that this dispute does not preclude summary judgment since it is not material to the Court's Eighth Amendment analysis.

Plaintiff filed a grievance regarding his dental injury and the Henderson County jailer responded by writing: "I will not fix, repair, or provide you with a tooth..." He was later told that the jail would not have a "partial plate" made for him because it was not "medically necessary."

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

## III. ANALYSIS

### A. Eighth Amendment

In Count II of his Amended Complaint, the Plaintiff alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference to his serious dental health needs. The Defendants argue that they are entitled to summary judgment on this claim because the Plaintiff's avulsed tooth cannot be classified as a serious medical

condition and because the record establishes that the Plaintiff received sound medical treatment for his condition. The Plaintiff argues that he is entitled to summary judgment because the record establishes that the Plaintiff did not receive immediate care from a dentist for his avulsed tooth - which he contends was a serious dental emergency - and because the Defendants refused to provide treatment for his dental injury and dental pain.

The Eighth Amendment prohibits punishments that involve the unnecessary and wanton infliction of pain. In Estelle v. Gamble, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). The Court further stated that this indifference may be manifested "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." Id.

The deliberate indifference standard requires an inmate plaintiff to show that prison officials acted with a "reckless disregard of a known risk of serious harm to the prisoner." Jarriett v. Wilson, 414 F.3d 634, 642 (6th Cir. 2005)(citing Farmer v. Brennan, 511 U.S. 825, 836 (1994)). This standard includes both an objective and subjective component:

> First, the deprivation of Eighth Amendment rights must be sufficiently serious such that the prison officials' acts or omissions objectively result in the denial of the minimal civilized measure of life's necessities. Second, the prison officials must have acted with a sufficiently culpable state of mind. In other words, a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference.

Id. (citations and quotations omitted).

As to the objective element, courts have recognized that a dental problem may, in certain circumstances, constitutes a serious medical condition. See, e.g., Farrow v. West, 320 F.3d 1235, 1243-1244 (11th Cir. 2003)("In certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm."); Harrison v. Barkley, 219 F.3d 132, 137 (2nd Cir. 2000)(holding that "because a tooth

cavity will degenerate with increasingly serious implications if neglected over sufficient time, it presents a 'serious medical need'").

The Plaintiff first seems to argue that his Eighth Amendment rights were violated because he suffered extreme pain as a result of his dental injury and did not receive appropriate medical attention for this pain. However, even assuming that the Plaintiff's displaced tooth was sufficiently serious to invoke a need for medical care, a jury could not reasonably conclude that the Defendants acted with deliberate indifference to this need. Indeed, the evidence establishes that as soon as the Plaintiff suffered his injury, he was taken to a nurse. After discovering that the Plaintiff's tooth had been displaced, the nurse received instructions from a dentist regarding how to reposition the tooth and placed the Plaintiff on a soft diet and regularly given pain medication. He was also seen by a dentist five days after the accident occurred. These facts establish that the Defendants did not ignore the risk of harm posed by the Plaintiff's injury. Thus, the Court concludes that the Defendants did not have a "sufficiently culpable state of mind" to give rise to an Eighth Amendment claim.

The Court is similarly not persuaded that the Plaintiff's Eighth Amendment rights were violated because not seeing a dentist immediately following his injury caused him to lose his tooth. The Sixth Circuit measures the seriousness of a deprivation based upon a delay in treatment by examining the effect of the delay. Napier v. Madison County, 238 F.3d 739, 742 (6th Cir. 2001). Thus, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Id. (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). The Plaintiff argues that, under Blackmore v. Kalamazoo County, he is not required to present such evidence because his claim arises from an injury "so obvious that even a layperson would easily recognize the need for [medical] attention."390 F.3d 890, 899-900 (6th Cir. 2004). The Court, however, disagrees. While it is obvious to the Court that the Plaintiff's injury may have been so serious that even a layperson would have recognized the need for medical care, it is undisputed that the Plaintiff did in fact receive such medical

care. What is not obvious to the Court, and what requires verifying medical evidence under Napier, is whether the Plaintiff's tooth could have been saved if he had been immediately seen by a dentist. Because the Plaintiff has not presented medical evidence to substantiate his claim that the delay in treatment had a detrimental effect - i.e., caused him to lose his tooth - the Court concludes that the evidence of delay does not support an Eighth Amendment claim.

Finally, the Plaintiff argues that the Defendants violated his Eighth Amendment rights by failing to provide him with a partial dental plate to replace his lost tooth. The Plaintiff, however, has presented no evidence which suggests that he had a "serious medical need" for a dental plate. See, e.g., Dixon v. Rose, 1990 U.S. Dist. LEXIS 10856 (E.D. Pa. 1990)( prison's delay in providing an inmate with a partial dental plate to replace two pulled teeth did not an constitute an Eighth Amendment violation because inmate had not shown that he suffered "serious detriment" as a result of not receiving said plate).

For these reasons, the Court concludes that the Defendants are entitled to judgment as a matter of law on the Plaintiff's Eighth Amendment claims.

### B. Procedural Due Process

The Defendant also argues that his procedural due process rights were violated when he was summarily denied adequate dental care. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property without due process of law. "Those who seek to invoke its procedural protection must establish that one of these interests is at stake." Bazzetta v. McGinnis, 430 F.3d 795, 801 (6th Cir. 2005) (quoting Wilkinson v. Austin, 545 U.S. 209, 221 (2005)). While a liberty interest can arise from state law or prison regulations, due process protections are implicated only if the plaintiff establishes that the defendant "impose[d] [an] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-484 (1995); see also Wilkinson, 545 U.S. at 223 ("The touchstone of the inquiry into the existence of a protected, state-created liberty interest...is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life.'"). Here, the Plaintiff argues

that he had a protected liberty interest in being provided "dental care...commensurate with the level of care available to the community" as required by state regulation 501 KAR 3:090, § 1(12). Significantly, however, he has not argued or established that he was subjected to a situation which constituted an atypical and significant hardship when he allegedly failed to receive such care. Moreover, the Plaintiff has also failed to point to any case which suggests that a state prison regulation which requires a certain level of medical care for prisoners gives rise to a protected property or liberty interest in said care.

Thus, viewing the evidence in the light most favorable to the Plaintiff, the Court concludes that the Defendant is entitled to summary judgment on Count II.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's partial motion for summary judgment as to Count II is **DENIED** and the Defendants' motion for partial summary as to Count II is **GRANTED**. The Court also **GRANTS** the Plaintiff's unopposed motion to strike the affirmative defenses of "qualified immunity" and "good faith." [DN 40]. **IT IS SO ORDERED.**

cc: Counsel of Record